## Richland Township v. Mishock

*Caram J. Abood,* for plaintiff.

*R. Thomas Strayer,* for defendants.

McDONALD, J., July 23, 1970.—In this matter, plaintiff is Richland Township, a municipal corporation of Cambria County, and defendants are Michael Mishock and Helen Mishock, husband and wife. The complaint alleges that defendants have recently moved onto their property within Richland Township certain mobile homes, which started a new activity or use of the land in violation of the zoning ordinance, ordinance no. 38, ordained and enacted May 19, 1967, in that there has been a failure of compliance with the terms of that ordinance requiring permits and establishing certain setbacks and other provisions set forth in full in the ordinance. The township has asked for injunctive relief, requesting the court to find that there has been a violation of the ordinance, and enjoin defendants from further acts, conduct, business and uses of the land which it is contended is in violation of the ordinance. The answer at this point has not been filed, but it is our understanding, from what counsel has said, it will be filed particularly and formally to the complaint and

while admitting that mobile homes had been moved onto the subject property, will deny that it is a new land use; or, if the court should find that the land use was nonconforming at the time of the adoption of the ordinance, that it is not an extension of the nonconforming land use and the operation is a legal use of the land. We find the following facts.

### FINDINGS OF FACT

1. Plaintiff is a municipal corporation, organized under the laws of the Commonwealth of Pennsylvania, with its main business office located in the Municipal Building on Luray Avenue, Richland Township, Cambria County.

2. Defendants are Michael Mishock and Helen Mishock, husband and wife, residing at 100 Logan Boulevard, Pleasant Gap, Pa.

3. Defendants are owners of a building lot 180 feet by 150 feet, situate on Chrysler Avenue in Richland Township, and have been operating a business connected with the building and home-building industry since 1958, from the building situate on said lot.

4. That the zoning ordinance no. 38 was ordained and enacted May 19, 1967, and is in effect at this date.

5. That defendants, prior to the aforesaid date of enactment of the ordinance, did sell from the premises and at the premises prefabricated, sectional and modular homes.

6. That from and after 1965, until some time prior to February 28, 1968, panels for use in prefabricated homes were constructed on a portion of the premises adjoining the structure thereon.

7. At no time prior to May 19, 1967, the date of enactment of the aforesaid ordinance, were the prefabricated, the sectional or the modular houses completely constructed on the premises or maintained

in complete construction state for the purposes of sale or display.

8. That the structure on the premises was a pre-fabricated model home, and was constructed some time after 1958 and prior to 1961.

9. On or about August 9, 1969, three mobile homes and one sectional mobile home were moved onto the premises, and presently there are maintained on the premises four mobile homes.

10. The mobile homes each occupies an area of approximately 700 square feet, and it is contem-plated that, in the event this business is not in viola-tion, there will be kept in stock about 10 mobile homes for sale and display purposes.

11. The lot subject to this action is located in an area designated by the ordinance as C-2, general commercial district.

12. That the permitted uses in the C-2, general commercial district, are principally structures for sales purposes and structures for service purposes, limited to the sales and service permitted with neces-sary displays, but no outside storage, and with the limitation that the building or buildings thereon erected may not cover more than 40 percent of the land area; further that all activities conducted within the permitted uses must be carried on within the en-closed building, with the exception of a service sta-tion, which has certain limitations and exceptions specifically set forth in the permitted uses.

13. It is further required, and we find as a fact, that under C-2 any structures on the land shall be attached to the ground with certain front yard area of 50 feet and a rear yard area of 25 feet, providing, however, that an accessory building may be erected within the rear yard area.

14. It is found as a fact, therefore, in view of the description of C-2 and the permitted uses, that the

business heretofore carried on on the premises, specifically, the outdoor carpentry and preparation of panels, was a nonconforming use and not within the permitted uses of the C-2 unless such a use exception under article VIII would have been granted; and no such exception was requested.

15. The present use of the land for purposes of the sale and display of mobile homes is an unlawful extension of a nonconforming use, and, therefore, in violation of the zoning ordinance no. 38.

We make the following conclusions of law:

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the action.

2. The zoning ordinance no. 38 has been validly enacted, and is in effect at the time of this proceeding.

3. The use of the lot situate at 105 Chrysler Avenue, Richland Township was at the time of the enactment of the zoning ordinance, May 19, 1967, and thereafter, a nonconforming use.

4. The use of the land for the purpose of displaying and selling mobile homes is an unreasonable and illegal extension of a nonconforming use.

We, therefore, make the following decree nisi.

## DECREE NISI

Now, July 23, 1970, after trial and upon consideration of the evidence, it is hereby ordered, adjudged and decreed that:

1. Michael and Helen Mishock, husband and wife, trading and doing business as Mishock Family Homes, or Mishock Family Mobile Homes, or R.N. Family Homes, Inc., or individually, be and hereby are enjoined from engaging in or continuing the use of a lot situate at 105 Chrysler Avenue, Richland Township, for the purpose of parking and displaying mobile homes.

2. The cost of the proceeding shall be borne by defendants.

3. Notice of the decree shall be given by the prothonotary to the parties, and if no exceptions are filed within 20 days from notice of the filing of this adjudication, this decree nisi shall be entered by the prothonotary, on praecipe, as the final decree.